UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENISE KOZLOWSKI-SCHUMACHER, an individual,<br><br>                    Plaintiffs,<br>v.<br><br>PINECREST ACADEMY OF IDAHO, INC., an Idaho corporation; ACADEMICA IDAHO, LLC, an Idaho limited liability company; PINECREST ACADEMY OF IDAHO PTO, INC., an Idaho non-profit corporation; ACADEMICA NEVADA, LLC, a Nevada limited liability company; HALEY EVANS, an individual; and DOES I-V, inclusive, unknown parties,<br><br>                    Defendants. | Case No. 1:24-cv-00084-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff Denise Kozlowski-Schumacher's Motion to Remand. Dkt. 6. Defendants Pinecrest Academy of Idaho, Inc. ("Pinecrest"); Academica Idaho, LLC; Academica Nevada, LLC; Pinecrest Academy of Idaho PTO, Inc.; Haley Evans; and Does I–V responded to that motion. Dkt. 7. Kozlowski-Schumacher did not reply, and the time to do so has passed.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc.

Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the DENIES the motion.

## II. BACKGROUND

Kozlowski-Schumacher is a resident of Twin Falls, Idaho. Kozlowski-Schumacher's complaint centers around allegations of gender discrimination, a hostile work environment, and retaliation during her employment as an administrator for the Defendants.

Kozlowski-Schumacher originally filed her Complaint in the District Court of the Fifth Judicial District of the State of Idaho in Twin Falls on October 31, 2023. In her Complaint, Kozlowski-Schumacher asserts a variety of claims, primarily under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act.

On February 12, 2024, Defendants Academica Idaho and Academica Nevada (collectively, Academica) removed the action to this Court, citing 28 U.S.C. §§ 1441, 1331, 1343, 1367 and 42 U.S.C. § 1983. Dkt. 1, at 2. On March 13, 2024, Kozlowski-Schumacher filed a motion to remand the action back to state court. Dkt. 6, at 1-2.

## III. LEGAL STANDARD

Under 28 U.S.C. § 1331, district courts have original jurisdiction of all civil actions arising under "the Constitution, laws, or treaties of the United States." A defendant may remove an action brought in state court to the district court if the district court has original jurisdiction. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States. . . ." 28 U.S.C. § 1441(a).

Federal district courts are courts of limited jurisdiction and are "presumed to lack

subject matter jurisdiction until the contrary affirmatively appears." *Dragovich v. United States Dep't of Treasury*, 764 F.Supp.2d 1178, 1184 (N.D. Cal. 2011). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). When an action is removed to federal district court from state court, the district court has "broad discretion" to remand the removed claim or cause of action. 28 U.S.C. § 1452(b); *see also* 28 U.S.C. § 1446(c)(4) (noting that if a court finds "that removal should not be permitted, the court shall make an order for summary remand").

If a defendant wishes to remove an action from state court to federal court, notice of removal must be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .". 28 U.S.C. § 1446(b)(1).

Defendants seeking removal under § 1441(a) must also properly join other parties to the action. Under 28 U.S.C. §1446(b)(2)(a), "all defendants who have been properly joined and served must join in or consent to removal of action." Notably, this requirement only applies to civil actions brought "solely under section 1441(a)." *Id.*

## IV. ANALYSIS

Kozlowski-Schumacher argues the Court should remand this action for two reasons: (1) Academica Idaho and Academica Nevada's (collectively "Academica") Notice of Removal was untimely; (2) Academica failed to join all defendants prior to removal. The Court will analyze each argument separately.

MEMORANDUM DECISION AND ORDER - 3

A. **Timeliness of Removal**

Each defendant in an action is entitled to thirty days "after receipt . . . through service or otherwise, of a copy of the initial pleading" to exercise their right of removal. 28 U.S.C. § 1446(b)(1); *see also Destifino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). The "removal clock" does not begin until a defendant receives actual service of process. "Simply receiving a copy of the complaint . . . is not enough. . . . Until the defendant is properly served with a summons . . . the removal clock has not been triggered." *Byzantine Catholic Eparchy of Phoenix v. Burri Law PA*, 2021 WL 913733, *4 (D. Arizona, March 10, 2021).

Under the Federal Rules of Civil Procedure, a corporation must be served as prescribed by Rule 4(e)(1), which requires "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Here, the Court applies Idaho law, which requires that a corporation, partnership, or organization "be served by delivering a copy of summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Idaho R. Civ. P. 4(d)(3).

In this case, Kozlowski-Schumacher argues that defendants Academica's notice of removal was untimely and fell outside of the thirty days allowed by statute. Dkt. 6, at 7. Kozlowski-Schumacher contends that Academica was initially served on December 6, 2023, when a process server left a copy of the summons and complaint with a receptionist at Academica Nevada. Dkt. 6, at 7, 16. By Kozlowski-Schumacher's calculations, Academica's notice of removal should have been filed by January 5, 2024.

MEMORANDUM DECISION AND ORDER - 4

Academica, however, contends that Kozlowski-Schumacher did not achieve formal service of process until January 25, 2024, when Academica authorized its attorneys to waive service. Dkt. 6, at 20-21. Academica asserts that under its policies a receptionist, "does not have the authority to accept service of legal documents on behalf of Academica Nevada." Rather, Academica states their policy requires the service of legal documents "must be directed to and accepted by the company's registered agent or other designated officials of the company. These officials include the legal department . . . but not reception staff." Dkt. 7, at 19. Because the receptionist was not authorized to accept service, Academica argues service was not properly achieved on December 6, 2023.

Academica is correct. The Court finds that service was properly achieved on January 25, 2024, when Academica's legal department filed a waiver of service. *See* Dkt. 6, at 20-21. Because Idaho law only permits "an officer, a managing or general agent, or any other agent authorized by appointment or by law" to accept service, delivery of the Complaint to the receptionist in this case is insufficient. Idaho R. Civ. P. 4(d)(3). Thus, Academica's thirty-day clock under 28 U.S.C. § 1446(b)(1) did not begin to run when the receptionist received a copy of the Complaint. Kozlowski-Schumacher's agreement to provide a waiver of service to Academica's attorneys on January 17, 2024, rather than assert that service had already been achieved, further indicates this point. *Id*. at 18. Accordingly, Academica's notice of removal, filed eighteen days later on February 12, 2024, fell well within the thirty days allowed by statute. Academica's removal was timely.

**B. Consent to Removal**

Under 28 U.S.C. § 1446(b)(2)(A), any civil action removed "solely under section

MEMORANDUM DECISION AND ORDER - 5

1441(a)" requires that "all defendants who have been properly joined and served must join in or consent to the removal of action." All defendants in such an action must join in removal with the exception of nominal parties. *Hewitt v. City of Stanton*, 798 F.2d 1230 (9th Cir. 1986). If some defendants have not yet consented to removal, district courts "may allow the removing defendants to cure this defect by obtaining joinder of all defendants prior to entry of judgment." *Destifino*, 630 F.3d at 956-957.

In this case, Defendants correctly point out that the requirement for all defendants to join in or consent to removal applies only in cases where the removal is exclusively pursuant to § 1441(a) (diversity of citizenship). Here, removal was not based solely on § 1441(a), but was also based on § § 1331 (Federal question), 1343 (Civil rights discrimination), and 1367 (Supplemental jurisdiction). Accordingly, consent of all defendants is not necessary to remove this action to the district court.

Even if Academica was required to comply with the rule of unanimity, it appears that all Defendants have consented to removal here. The evidence before the Court indicates that Defendant Evans consented to removal on January 16, 2024, and Defendant Pinecrest Academy consented to removal on January 25, 2024. Dkt. 7, at 5, 13-15. And as the Court will explain below, the only remaining defendant—Pinecrest PTO—is only a nominal party not required to join in the removal.

Although there is limited case law in the Ninth Circuit regarding dissolved corporations as nominal parties, this Court finds the logic used in *Maryland v. Exxon Mobil Corporation* persuasive. There, the court found that "a defunct corporation is a nominal party for purposes of removal consent." 352 F.Supp.3d 435, at 470-71 (D. Md. 2018).

MEMORANDUM DECISION AND ORDER - 6

Because the non-consenting corporation party in that case was no longer a legal entity in the state, the court found it was a nominal party not capable of concurring in removal and obtaining its consent was therefore unnecessary. *Id*. at 470.

Here, Pinecrest PTO was in the process of being dissolved concurrent with Academica filing for removal. Defendants persuasively point out that Pinecrest PTO's registered agent, which is required of Idaho non-profit corporations, had resigned on December 19, 2023, and was administratively removed February 10, 2023, constituting grounds for administrative dissolution. I.C. § 30-21-602. Dkt. 7, at 11. Additionally, all thirteen members of the Board unanimously voted to dissolve the PTO on January 10, 2024, and later filed for Articles of Dissolution on March 5, 2024. *Id*. Thus, because Pinecrest PTO has ceased to exist as a legal entity, it is a nominal party whose consent is not required for removal. Accordingly, the Court finds no issue with Academica's removal.

## V. ORDER

The Court HEREBY ORDERS:

1. Plaintiff's Motion to Remand (Dkt. 6) is **DENIED**.

DATED: June 20, 2024

David C. Nye
Chief U.S. District Court Judge